UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YASIR MEHMOOD,

    Plaintiff,

v.

CAROLYN K. DELANEY, et al.,

    Defendants.

No. 2:15-cv-01994-AC P

ORDER

Plaintiff is a state prisoner proceeding pro se with an action brought pursuant to 42 U.S.C. § 1983, <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)[1], and the Federal Tort Claim Act (FTCA). In addition to filing a complaint (ECF No. 1), he has also filed an application to proceed in forma pauperis (ECF No.2).

**I.    Application to Proceed In Forma Pauperis**

The court has reviewed the second of plaintiff's applications (ECF No. 2) and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

---

[1] "Actions under § 1983 and those under <u>Bivens</u> are identical save for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>." <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991).

1

## II. Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III. Screening Order**

**A. Background**

Plaintiff brings this action on theories of: (1) false arrest; (2) false imprisonment and unlawful confinement; and (3) breach of contract. ECF No. 1 at 5. He names no fewer than 206 separate defendants,[2] among whom are Barack Obama, Eric Holder, Jerry Brown[3], and eleven federal judges – including the undersigned. Id. at 6-9. The complaint – which is divided into several "attachments" – runs to 145 pages.

As a preliminary matter, the court must consider whether the undersigned should be disqualified from these proceedings. A judge should disqualify herself from proceedings to which she is a party. 28 U.S.C. 455(b)(5)(i). The Ninth Circuit has, however, upheld district judges' decisions not to disqualify themselves "unless there is a legitimate basis for suing the judge." Glick v. Edwards, 803 F.3d 505, 508 (9th Cir. 2015) (citing Andersen v. Roszkowski, 681 F. Supp. 1284, 1289 (N.D. Ill. Feb. 22, 1988)). Plaintiff alleges that the undersigned unlawfully detained plaintiff on March 11, 2013 despite his objections that the court had no jurisdiction over him and that the warrant for his arrest was defective. ECF No. 1 at 56. He also claims that the undersigned violated his rights by "failing to intercede and prevent" unspecified constitutional and civil rights violations. Id. Judges are absolutely immune "from damage liability for acts performed in their official capacities." See Ashelman v. Pope, 793 F.2d 1072,

---

[2] Only five defendants are currently listed on the docket. Given that plaintiff's complaint is being dismissed with leave to amend, the court concludes that requiring the Clerk of Court to list each of the named defendants at this time would be a waste of judicial resources.

[3] Plaintiff does not refer to Governor Brown by name, naming the defendant simply as "Governor of the State of California." ECF No. 1 at 8.

3

1075 (9th Cir. 1986) (en banc). Additionally, section 1983 "contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity." Wolfe v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004). The allegations against the undersigned involve actions taken in judicial capacity and, accordingly, there is no legitimate basis on which plaintiff's claims might proceed. Accordingly, the court finds that disqualification is unnecessary.

Turning to the substance of plaintiff's complaint, the court finds it deficient. Plaintiff alleges that, on the morning of March 9, 2013, he was preparing to drop a friend off at the train station. ECF No. 1 at 10. He was standing near his van when Deputy McGuire of the Sacramento County Sheriff's Department approached and asked about plaintiff's ownership of the vehicle. Id. at 10-11. Plaintiff claims that McGuire asked him numerous questions about the van, his clothing, where he was from, his immigration status, and what language (other than English) he spoke. Id. at 11. After answering McGuire's questions and providing him with documentation showing ownership and insurance for the vehicle, plaintiff was handcuffed and placed in the back seat of a patrol car. Id. Shortly thereafter, more deputies arrived at the scene along with three United States postal inspectors. Id. at 12. The items in plaintiff's van were seized and the inspectors counted out more than fifty-thousand dollars in cash which plaintiff contends were his life savings. Id. Plaintiff was taken to the Sacramento County Jail. Id.

The complaint then makes several chronological leaps. Id. at 13. The following claims are presented in the order stated by the complaint. Plaintiff claims that, on January 17, 2015, United States District Judge John Mendez denied his request for recovery and production of his van. Id. He claims that, on October 14, 2014 and also before Judge Mendez, his objections to his detention, the court's jurisdiction, and adequacy of the arrest warrant were denied. Id. These same objections were raised and denied on: (1) October 17 2014, during arraignment before United States Magistrate Judge Carolyn Delaney; (2) during arraignment on November 18, 2014 before United States Magistrate Judge Kendall J. Newman; (3) and on January 13 and February 17 of 2015 before Judge Mendez. Id.

The complaint then undertakes a lengthy and haphazard recitation of claims and legal authorities purporting to show the inadequacy of the arrest warrant. Id. at 13-27.

Then, in the exhibits under "Attachment 3", plaintiff purports to state his specific claims against many of the named defendants. Id. at 37. These allegations are too numerous to list here, but many are predicated on theories of supervisory liability. See, e.g., id. at 38 (alleging that the Director of the Administrative Office of the United States Courts is responsible for the actions of the deputy court clerk that signed and issued the arrest warrant); id. at 41 (alleging that the Chief Pretrial Services Officer is responsible for the actions of one "Ryan Garcia", who requested the arrest warrant for plaintiff). Other claims can only be described as frivolous. See, e.g., id. at 42 (alleging that then-President Barack Obama is responsible for the actions of all federal departments, agents, attorneys, judges, contracts, and breaches of contract); id. at 45 (alleging that the Board of Governors of the United States Postal Service are responsible for appointing the Chief Postal Inspector who, in turn, was responsible for the actions of all United States postal inspectors); id. at 70 (alleging that the American Bar Association is responsible for the actions of all registered attorneys, including the United States Attorneys who indicted plaintiff).

**B.     Dismissal with Leave to Amend**

Plaintiff's complaint will be dismissed with leave to amend.

First, plaintiff's claims attacking the validity of his arrest warrant are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme court held that that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 484. Plaintiff has not asserted facts showing that his conviction or sentence has been reversed, expunged, declared invalid, or called into question. Heck applies to Fourth Amendment violations like the ones asserted here. See Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that Heck bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."). The Heck bar applies not only to claims under section 1983, but also to Bivens and FTCA claims. See Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996); Erlin v. United States, 364 F.3d 1127, 1132 (9th Cir. 2004).

It may be that plaintiff is no longer in custody for the conviction his claims challenge. The answer to this question is not clear from the face of the complaint. The Ninth Circuit has carved an exception to the Heck doctrine for civil rights plaintiffs who claim they have been deprived of good-time credits but have been released, thereby preventing them from filing a petition for habeas corpus. See Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002). Subsequently, in Guerrero v. Gates, however, the Ninth Circuit held that Nonette affected "only former prisoners challenging loss of good-time credits, revocation of parole or similar matters, not challenges to an underlying conviction . . . ." 442 F.3d 697, 705 (9th Cir. 2006) (internal quotations and citations omitted). Accordingly, the court finds that Heck is not excepted here.

Second, plaintiff's FTCA claims against all defendants other than the United States itself are subject to dismissal. The only proper defendant in an FTCA claim is the United States. Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (per curiam).

Third, plaintiff is cautioned that claims based exclusively on a defendant's supervisory position or authority are not cognizable under section 1983 or Bivens. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) ("In a section 1983 action in this circuit, respondeat superior, or vicarious liability, may not be imposed in the absence of a state law imposing such liability."); Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (holding that Bivens liability cannot be established under theory of respondeat superior).

Fourth, plaintiff's breach of contract claims are difficult to parse. Plaintiff claims that he is the beneficiary of a contract between the United States Marshals and the Sacramento County Sheriff's Department. ECF No. 1 at 90. He claims this contract required the Sacramento County officials to detain him legally rather than illegally and they failed to do so. Id. This allegation is conclusory insofar as neither the existence nor the terms of this contract are alleged with any specificity whatsoever.

Fifth, plaintiff's complaint does not adhere to the requirements of the Federal Rules of Civil Procedure. Claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (invoking Fed. R. Civ. P. 8(e)(1)). As noted above, plaintiff's complaint is one-hundred and fifty pages and attempts to sue more than 206 defendants. Rather

1  than simply state claims against the named defendants, the complaint detours into lengthy
2  citations of case law. <u>See</u>, e.g., ECF No. 1 at 21-22. Such supporting authority is not necessary
3  at the pleading stage. Additionally, many of plaintiff's allegations are too vague to proceed. For
4  instance, his allegations against Chief United States District Judge Morrison England state only
5  that Judge England: (1) failed to intercede to prevent "his co-defendants" constitutional
6  violations'; and (2) hired a Chief Pretrial Services Officer who failed to supervise a subordinate.
7  <u>Id.</u> at 47. Plaintiff does not allege any specifics as to when or how Judge England should have
8  intervened. The court notes that this "boilerplate" language regarding different defendants'
9  failure to intercede is used repeatedly in the complaint. <u>See</u>, e.g., <u>id.</u> at 51 (referring to United
10 States District Judge Kimberly Mueller); <u>id.</u> at 52 (referring to United States Magistrate Judge
11 Edmund Brennan); <u>id.</u> at 57 (referring to Deputy Clerk A. Meuleman).

**IV.     Leave to Amend**

Plaintiff may file an amended complaint which remedies the above mentioned deficiencies in his claims. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. <u>George</u>, 507 F.3d at 607.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See <u>Forsyth v. Humana</u>, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

////

being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A scattershot approach by which a defendant names dozens or, as is the case in the immediate suit, *hundreds* of defendants will not be looked upon favorably by the court.

## V. Summary of the Order

Your application to proceed in forma pauperis is being granted. You will not have to pay the entire filing fee up front.

Your complaint is being dismissed because it fails to state a claim on which relief can be granted. The reasons are:

1. You cannot file a section 1983, Bivens, or FTCA action which challenges the validity of your conviction if that conviction has not been previously overturned. Only a petition for writ of habeas corpus can do that.

2. An FTCA action can only be brought against the United States itself.

3. Section 1983, Bivens, or FTCA claims cannot be based just on a defendant's supervisory authority.

4. You must do more to explain your breach of contract claim.

5. Your complaint is not a 'short and plain' statement of your claims.

You are being allowed to file an amended complaint which fixes these problems.

## VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected

| | |
|---|---|
| 1 | in accordance with this court's order to the Warden of the Nevada Southern |
| 2 | Detention Center filed concurrently herewith. |
| 3 | 3. Plaintiff's complaint is dismissed with leave to amend within 30 days of service of |
| 4 | this order. |
| 5 | 4. Failure to comply with this order may result in dismissal of this action. |

DATED: May 23, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE